UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
 

UNITED STATES OF AMERICA

    v.

EDWIN PATRICIO MINA-ARCE

                                Defendant.

------------------------------------------------------------ X

**ORDER DENYING MOTION TO MODIFY SENTENCE**

19 Cr. 834 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant Edwin Patricio Mina-Arce filed a motion under 18 U.S.C. § 3582(c)(1)(A)(i) requesting I modify his sentence to add a term of supervised release, which would allow him to earn credits reducing his time in prison. On August 1, 2024, I granted his request to retroactively apply Amendment 821 of the Sentencing Guidelines and reduced his term of imprisonment from 74 months to 60 months, but denied his request to add a term of supervised release to his sentence. ECF No. 41. Today, I again deny his motion to modify his sentence by retroactively adding a term of supervised release.

      The First Step Act ("FSA") allows eligible inmates to earn time credits, which can be applied toward early release from custody into supervised release, for completing "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(3). To earn these time credits, an inmate's sentence must include a term of supervised release, which is "ordinarily" not imposed where "the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c).

      Generally, I "may not modify a term of imprisonment once it has been imposed," unless I consider the Section 3553(a) factors and find that "extraordinary and compelling reasons warrant such a reduction" of the defendant's sentence. 18 U.S.C. § 3582(c). Other rulings in this District have held that a defendant's desire to earn time credits under the FSA, without more, does not

constitute an extraordinary and compelling reason to modify their sentence by adding a term of supervised release. *See, e.g., United States v. Pina*, 01 Cr. 619 (VM), 2023 WL 8759830, at *6 (S.D.N.Y. Dec. 19, 2023); *United States v. Tyurin*, 15 Cr. 333 (LTS), 2024 WL 3226521, at *3 (S.D.N.Y. June 27, 2024); *United States v. Bevz*, 21 Cr. 618 (NRB), 2023 WL 8936323, at *1 (S.D.N.Y. Dec. 27, 2023). Here, Defendant does not cite any "extraordinary and compelling" reason to modify his sentence other than his wish to take advantage of time credits under the FSA. *See* U.S.S.G. § 1B1.13(b) (listing instances that may constitute "extraordinary and compelling reasons," such as the defendant's medical condition, age, and family circumstances). Accordingly, I lack the power to retroactively modify his sentence. *See* 18 U.S.C. § 3582(b) ("[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment.").

Based on the foregoing, I deny Defendant's motion to add a term of supervised release to his sentence. The Clerk of Court shall terminate the pending motion at ECF No. 42.

SO ORDERED.

Dated:   October 30, 2024
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge